953 F.2d 639
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Charles Howard STRAHLER, Jr.; Patricia Ann Strahler, Debtors.
Charles Howard STRAHLER, Jr., Plaintiff-Appellant,
v.
PARKVILLE FEDERAL SAVINGS BANK, Defendant-Appellee.
 No. 91-1094.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 27, 1991.
Decided Jan. 22, 1992.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. William M. Nickerson, District Judge. (CA-91-29-WN, BK-90-5-3925-JS)
 O.M. Wilson, Baltimore, Md., for appellants.
 R. Samuel Jett, Jr., Charles F. Stein, III, Stein & Jett, P.A., Towson, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, and WIDENER and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 * Parkville Federal held a deed of trust on two properties belonging to the Strahlers. One is in Ocean City; the other is in Ellicott City. The Strahlers defaulted and the properties were sold at two separate foreclosure sales.
 
 
 2
 On September 14, 1990, the day before the Ocean City property was scheduled to be sold at foreclosure, the Strahlers filed a Chapter 13 bankruptcy case. In accordance with the automatic stay, 11 U.S.C. § 362, the foreclosure sale was halted. Parkville Federal moved to lift the automatic stay to allow foreclosure on the Ocean City property. The motion was granted by default on November 5, 1990 because the Strahlers did not appear at a hearing on the motion scheduled for October 26, 1990. The Strahlers filed a motion to reconsider the order on November 10, 1990, which was denied by the bankruptcy court on December 5, 1990. The Strahlers have not filed a notice of appeal from either the motion lifting the stay or the order denying their motion to reconsider.[1] The Ocean City property was sold at foreclosure on December 8, 1990.
 
 
 3
 The order lifting the automatic stay authorized Parkville Federal to sell only the Ocean City property. The order did not authorize it to sell the Ellicott City property. However, the first Chapter 13 petition was dismissed on December 6, 1990, well before the Ellicott City property was sold on February 12, 1991. The dismissal order states as a reason that "[d]ebtor(s) failed to appear, failed to prosecute properly this case, and failed to make payments to the Chapter 13 Trustee proposed by the plan."
 
 
 4
 In response to the dismissal of their first Chapter 13 petition, the Strahlers filed a timely notice of appeal to the district court on December 7, 1990. The district court affirmed the dismissal on April 12, 1991.
 
 
 5
 The Strahlers also filed a second Chapter 13 petition on December 7, 1990. The bankruptcy number of that case is 90-55398-SD. On February 12, 1991, the bankruptcy court issued an order striking the filing of the second Chapter 13 case, because the "Strahlers were not eligible under 11 U.S.C. § 109(g)." The Strahlers moved for reconsideration, which was denied by the bankruptcy court on March 1, 1991. So far as this record shows, no appeal was taken, and thus the district court properly noted in its April 12th order affirming the dismissal of the first Chapter 13 case that the second case was not before the district court on appeal.
 
 
 6
 The Strahlers filed a timely notice of appeal to this court from the district court's April 12 order. We affirm.
 
 II
 
 7
 On appeal, the Strahlers object to the sales of both the Ocean City and Ellicott City properties. They also seek reversal of the dismissal of the first debtors' petition under Chapter 13, and for sanctions and other relief.
 
 III
 
 8
 As noted by the district court, no issues relating to the second Chapter 13 petition were before it, as no notice of appeal from the bankruptcy court was filed. Any effect that the second Chapter 13 petition may have had on the sale of or title to the two properties, therefore, is not before us in this appeal, and we express no opinion on that question.
 
 IV
 
 9
 An issue properly presented in this appeal is whether the bankruptcy court properly dismissed the first Chapter 13 petition. We are of opinion that the bankruptcy court did not err in its finding that the Strahlers received notice of the confirmation hearing but failed to attend, or in its finding that the Strahlers failed to make payments proposed by the plan. Nor do we find any error of law in the dismissal. We now affirm the district court's order dated April 12, 1991, affirming the dismissal of the first Chapter 13 petition for the reasons stated in the opinion of the district court.
 
 V
 
 10
 The first Chapter 13 petition having been properly dismissed, neither its filing nor any automatic stay issued by virtue thereof under 11 U.S.C. § 362 has any effect on the title to or sale of either of the properties involved in this case and located in Ocean City and Ellicott City, Maryland.[2] For easy reference the number of the case in the district court is WN 91-29 and the number in the bankruptcy court is 905-3925-JS.
 
 VI
 
 11
 Other relief requested by the Strahlers is denied.
 
 
 12
 The judgment of the district court is accordingly
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 The Strahlers did file a notice of appeal to the district court on December 7, 1990. However, this notice of appeal states that it is appealing "from the final judgment of the Bankruptcy Court in this matter ... holding that appellant's bankruptcy case No. 90-05-3925 is dismissed."
 
 
 [2]
 We need not reach the question of the fact that no appeal was taken from the November 5th lifting of the automatic stay as to the Ocean City property, but that would seem to require the same result reached here